UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EBI DIRECTIONAL DRILLING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  10-3165 |
| FIDELITY & DEPOSIT COMPANY OF MARYLAND and ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Defendants' Motion to Dismiss (d/e 9) (Motion).  For the reasons stated below, the Motion is ALLOWED IN PART AND DENIED IN PART.

## FACTS

Plaintiff EBI Directional Drilling, Inc. (EBI) is a company whose principal place of business is in Minnesota.  See Complaint (d/e 1), at ¶ 3.  On July 13, 2009, Merryman Excavation (Merryman) asked EBI for a quote to perform horizontal drilling for a water transmission line project (Project) in Pittsfield, Illinois.  Merryman had a Contract with the Project's owner,

1

the City of Pittsfield (City), to perform various work on the Project. See Complaint at Exhibit B (d/e 3) (Payment Bond). On November 25, 2009, Merryman subcontracted the Project's drilling work to EBI pursuant to a written Agreement. Id. at Exhibit A (Subcontract). The Subcontract stated that EBI's was to provide directional boring services for the Project, at specified costs, with work commencing on November 30, 2009, and ending on February 1, 2009 [sic]. Id. EBI was supposed to be paid by Merryman within 15-days of Merryman receiving money from the City. See Complaint at ¶ 9.

Payment under the Subcontract was secured by the Payment Bond, which was issued by Defendant Fidelity & Deposit Company of Maryland (Fidelity). Id. at ¶ 10. On the Payment Bond, Merryman was listed as the Project's contractor (or Principal) and the City was listed as the Project's "Owner". See Exhibit B at p. 8.[1] The Payment Bond's recitations stated that it was posted to ensure that subcontractors, such as EBI, were paid in the event Merryman did not "promptly make payment" to them. Id.

EBI completed its work on February 17, 2010, and sought a

---

[1] When referring to the Exhibits' page numbers, the Court will use the page numbers assigned via the Electronic Case Filing system.

$312,311.70 payment from Merryman.  See Complaint at ¶ 13.  Although Merryman had received that money from the City, Merryman refused to pay EBI.  Id. at ¶¶ 14, 17.  On May 17, 2010, EBI demanded Fidelity pay the money pursuant to the terms of the Payment Bond.  Id. at ¶ 15.  Defendant Fidelity, a Surety whose principal place of business is in Maryland, and Defendant Zurich American Insurance Company (Zurich), an insurer whose principal place of business is in New York, refused to pay EBI.  Id. at ¶¶ 4, 5, 15.

On July 13, 2010, EBI sued Defendant Fidelity and Defendant Zurich in a single-count Complaint alleging that the Defendants' nonpayment breached their contractual duties under the Payment Bond.  See Complaint at ¶ 20.  EBI attached a copy of the Subcontract and Payment Bond in support of its claim.  Id. at Exhibits A and B.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendants moved to dismiss EBI's claim.  Motion.  They have submitted Defendant's Memorandum of Law In Support of Its Motion to Dismiss (Memorandum) (d/e 10).  EBI responded by filing Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss and In Support of Plaintiff's Cross Motion For Partial Summary Judgment (Response) (d/e 21).

## JURISDICTION & VENUE

Since all of the Defendants are diverse from EBI and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Personal jurisdiction exists over Fidelity because Fidelity's issuance of the Payment Bond shows it conducted business in Illinois. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "'purposefully avail[ed] itself of the privilege of conducting activities'" in the forum state)(quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). However, there is no personal jurisdiction over Zurich since there is nothing to show that Zurich conducted any business in Illinois. See World-Wide Volkswagen, 444 U.S. at 297. Venue for the claim against Fidelity exists because "a substantial part of the events or omissions giving rise" to EBI's claim occurred in this judicial district. See 28 U.S.C. § 1391(a)(2).

## STANDARD

Complaints are construed in the light most favorable to a plaintiff, taking as true all well-pleaded factual allegations and drawing all factual inferences in plaintiff's favor. See Reger Development, LLC v. Nat'l City Bank, 592 F.3d 759, 763-64 (7th Cir. 2010). A complaint's "allegations

4

must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (citation omitted).

A Rule 12(b)(6) motion must be "decided solely on the face of the complaint and any attachments that accompanied its filing." See Miller v. Herman, 600 F.3d 726, 733 (7th Cir. 2010)(citations omitted); see also, Reger, 592 F.3d at 764. If a complaint "refers to and rests on a contract or other document that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned." See Minch v. City of Chicago, 486 F.3d 294, 300, n.3, (7th Cir. 2007), citing Tierney v. Vahle, 304 F.3d 734, 738-39 (7th Cir. 2002).

ANALYSIS

Since this case is founded on diversity jurisdiction, the Court "must apply the law of the state as it believes the highest court of the state would apply it if the issue were presently before that tribunal." State Farm Mutual Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001). Absent

5

controlling authority from the State's highest court, federal courts exercising diversity jurisdiction may consider decisions of the State's lower courts, courts of other jurisdictions and other persuasive authority. See Stephan v. Rocky Mountain Chocolate Factory, Inc., 129 F.3d 414, 417 (7th Cir. 1997).

I. DOCUMENTS PROPERLY BEFORE THE COURT

Defendants argue that because the Subcontract and Payment Bond were attached as Exhibits A and B to EBI's Complaint, the Court should consider "all of the related documents". See Memorandum at pp. 2, 6-7. Defendants have taken an overly expansive view of the rule expressed in Tierney. The Tierney decision does not allow courts to consider all documents related to a complaint. See Tierney, 304 F.3d at 738-39. Rather Tierney allows courts who wish to avoid converting Rule 12(b)(6) motions into Rule 56 summary judgment motions to consider documents that a complaint "refers to and rests on." See Minch, 486 F.3d at 300, n.3, citing Tierney, 304 F.3d at 738-39.

Here, EBI's Subcontract states that "[w]ork shall be completed in accordance with the following plans and specifications [contained in] Contract B1". See Complaint at Exhibit A, p.3. Similarly, the Payment

Bond states that its "OBLIGATION" arises from "Contract B1". See Complaint at Exhibit B, p. 8. "Contract B1" is Merryman's Contract with the City for work at the Project. See id. Since "Contract B1" is referred to and rested upon via the Subcontract and Payment Bond, "Contract B1" is properly considered under Rule 12(b)(6). See Tierney, 304 F.3d at 738-39.[2] However, no other documents and none of the Defendants' proffered Affidavits can be considered since EBI's Complaint does not "refer to" or "rest on" them. Id.

II. BREACH OF PAYMENT BOND CLAIM

The sole count in EBI's Complaint is titled "Breach of Payment Bond". See id. Complaint, at pp. 3-4. The Defendants contend that "Breach of Payment Bond" is not actionable in Illinois. This contention is made dubious by Defendants' citation to Piasa Commercial Interiors, Inc. v. J.P. Murray Co, Inc., 2009 WL 2488292 (S.D.Ill. 2009), a case which entertained a breach of payment bond claim by analyzing the claim as one

---

[2]Defendants attached a copy of "Contract B1" as an Exhibit to their Memorandum. Id. at p. 2, "Group Exhibit A". Thus, the Court has a copy of the Contract and rejects Defendants' contention that omission of any contract document is "grounds for dismissal." See Memorandum at p. 9. Federal Rule of Civil Procedure 8(a)(1)-(3) does not require a party to attach any documents to a complaint. In any event, "Contract 1" does not affect the Motion's outcome.

7

for breach of contract. In any event, the facts alleged in the Complaint show that EBI has an actionable claim.

Whether one has an actionable claim depends on the facts alleged in a complaint. See Tamayo, 526 F.3d at 1084. Thus, a court focuses on what is alleged rather than what is arguably omitted. See McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

Under Illinois law, "if a contract is entered into for the direct benefit of a third party who is not a party to the contract, such third party is entitled to sue for breach of that contract." See Advanced Concepts Chicago, Inc. v. CDW, Corp., __ N.E.2d __, 2010 WL 4457313 (Ill.App.Ct. Nov. 4, 2010). Courts must look at "the terms of the contract and the circumstances surrounding the parties at the time of its execution" to determine if a nonparty to an agreement was an intended beneficiary. Id. (citation omitted). "The rule is, that the right of a third party benefited [sic] by a contract to sue thereon rests upon the liability of the promisor, and this liability must affirmatively appear from the language of the instrument when properly interpreted and construed." Id. (quotation omitted). One type of actionable direct benefit is "an agreement in which one party was required to promptly pay all subcontractors, develop and

implement a procedure for paying the subcontractors, and submit evidence that all indebtedness had been paid before receiving its final payment was for the direct benefit of the subcontractors." Id., citing East Peoria Community High School District No. 309 v. Grand Stage Lighting Co., 601 N.E.2d 972, 975 (Ill.App.Ct. 1992).

Here, there is a Payment Bond identifying Fidelity as the "Surety" and general contractor Merryman as the "Principal" for a Contract between Merryman and the City of Pittsfield, the Project "Owner". See Complaint at Exhibit B, p. 8. That Contract -- "Contract B1" -- concerned the construction of a "Raw Water Transmission Main from Well Site to Booster Pump". Id. The Payment Bond contained an "OBLIGATION" making the Defendants financially responsible (up to a penal amount of $3,327,936.29) for "WORK" performed in relation to "Contract B1". The Payment Bond stated:

> NOW THEREFORE, If the Principal shall promptly make payment to all persons, firms, SUBCONTRACTORS, and corporations furnishing materials for or performing labor in the prosecution of the WORK provided for in [the Transmission Contract], and any authorized extension of modification thereof, including all amounts due for materials, lubricants, oil, gasoline, coal and coke, repairs on machinery, equipment and tools, consumed or used in connection with the construction of such WORK, and all insurance premiums on said WORK, and

9

for all labor, performed in such WORK, whether by SUBCONTRACTOR or otherwise, then this obligation shall be void; otherwise to remain in full force and effect.

Id. (emphasis added).

While the highlighted language is not identical to that in East Peoria, it is "affirmative language" which makes Fidelity liable to a third party subcontractor such as EBI so long as EBI has a breach of contract claim against general contractor Merryman. See East Peoria, 601 N.E.2d at 975. Under Illinois law, a breach of contract claim must contain four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." See Reger, 592 F.3d at 764, quoting W.W. Vincent & Co. v. First Colony Life Ins. Co., 814 N.E.2d 960, 967 (Ill.App.Ct. 2004).

A review of the Complaint and its Exhibits shows that EBI had a signed and dated Agreement with Merryman; the Agreement was for drilling; work was to commence and end on specified dates; Merryman was to pay EBI for completed work; EBI completed all of its work; Merryman refused to pay EBI and EBI suffered $312,311.70 in damages. See Complaint at ¶¶ 13, 16-20; Exhibit A, pp. 1-2. Thus, EBI has stated a breach of contract claim against Merryman and can, therefore, recover

damages against Surety Fidelity.  See Reger, 592 F.3d at 764; East Peoria, 601 N.E.2d at 975; see also, Lake View Trust & Savings Bank v. Filmore Constr. Co., 393 N.E.2d 714 (Ill.App.Ct. 1979) (subcontractors are third party beneficiaries of payment bonds supplied by a general contractor to an owner).

The same cannot be said of EBI's claim against Zurich.  Even if EBI had established personal jurisdiction over Zurich, it fails to make any allegations concerning that Defendant.  As such, EBI's Complaint does not plausibly state a claim against Zurich.  See Tamayo, 526 F.3d at 1084.

III. THE DEFENDANTS' REMAINING CONTENTIONS

The Defendants' remaining contentions for dismissal all fail.  Though, they fail for various reasons.

First, the Defendants assert that EBI is seeking "overage charges" which neither the City nor Merryman approved and EBI, therefore, cannot recover those sums against the Payment Bond.  See Memorandum at p. 9 (heading Roman II, subpart A).  The Defendants cite no legal authority for their argument.  Id.  Not only is that omission a violation of Local Rule 7.1(B)(1), absent any authority it appears that EBI has a plausible claim.  See Tamayo, 526 F.3d at 1084.

Second, the Defendants argue that EBI cannot prove entitlement to fees for bedrock drilling since engineer field notes fail to show how much bedrock was drilled. See Memorandum at p. 11 (heading Roman II, subpart B). The Court disagrees. The Subcontract allows EBI to recover fees for bedrock drilling and EBI has averred that it was entitled to fees since it "completed its work". See Complaint, at ¶ 13; Exhibit A, p. 4 Together, these items show EBI states a claim. Since this is a Rule 12(b)(6) motion, the Defendants cannot use matters outside the pleadings (i.e. Affidavits) to thwart EBI's claim. See Miller, 600 F.3d at 733.

Third, the Defendants assert that EBI failed to comply with a condition precedent in that EBI failed to expose bedrock prior to drilling. See Memorandum at p. 12 (heading Roman II, subpart C). Here again, the Defendants overlook that EBI has averred it "completed its work". That averment is construed to mean that EBI exposed the bedrock. See Reger, 592 F.3d at 763-64 (under Rule 12(b)(6), all factual inferences must be drawn in plaintiff's favor); see also Fed.R.Civ.P. 9(c) (addressing pleading requirements for conditions precedent). Also, the Defendants improperly rely on Affidavits to support their dismissal efforts. See Miller, 600 F.3d at 733 (Rule 12(b)(6) motions cannot rely on matters outside the

pleadings).

Fourth, the Defendants argue that recovering fees for bedrock drilling under the Subcontract is impermissible since Merryman's Contract with the City included costs for rock excavation. See Memorandum at p. 13 (Roman II, subpart D). The Defendants cite to no legal authority (or even a contractual provision) to show that the City's Contract prohibits or limits EBI's recovery under the Subcontract. If such authority exists, the Defendants have a duty to provide it. See Local Rule 7.1(B)(1)(requiring arguments to contain citation to authority)[3]; see also, United States v. McLee, 436 F.3d 751, 760 (7th Cir. 2006) (it is not a judge's responsibility to research and construct the parties' arguments). Without it, the Defendants cannot meet their burden of proof.

Fifth, the Defendants assert that EBI cannot seek fees for rock drilling because the Subcontract omitted those charges. See Memorandum at p. 13 (Roman II, subpart E). The Defendants try to show this by making a serpentine argument that those charges could only be had if EBI

---

[3]The parties should take note that district courts may insist on strict compliance with local rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 817 (7th Cir.2004) (same).

"negotiated" a new price.  Id.  The Defendants' effort is unavailing.  The Complaint alleges the Subcontract was for "$575,875.00 (plus additional charges for rock drilling).  Merryman agreed to pay EBI $125.00 per foot of dirt drilled and $515.00 per foot of rock drilled."  Id. at ¶ 9.  This averment, plus EBI's averment that it completed work and was entitled to $312,311.90 in pay, is sufficient to overcome the Defendants' argument.  See Reger, 592 F.3d at 763-64; Tamayo, 526 F.3d at 1084.

Sixth, the Defendants contend that EBI has plead itself out of court because it admitted it was supposed to renegotiate a drilling price if it encountered bedrock, but never renegotiated after the bedrock was encountered.  See Memorandum at p. 14 (Roman II, subpart F).  This argument fails for the reasons the Defendants' preceding argument failed.  Moreover, the argument is also infirm because it relies on an Affidavit and the Affidavit is a matter outside the pleadings.  See Fed.R.Civ.P. 12(b)(6).

Seventh (and last), the Defendants claim there is a contractually material difference between the terms "rock" and "bedrock".  See Memorandum at p. 14 (Roman II, subpart G).  If so, the Defendants pose an ambiguity and the ambiguity would have to be resolved against them during this Rule 12(b)(6) motion.  See Reger, 592 F.3d at 763-64 (factual

inferences must be drawn in plaintiff's favor at a motion to dismiss stage).

## CONCLUSION

THEREFORE, the Defendants' Motion to Dismiss is ALLOWED IN PART AND DENIED IN PART. It is ALLOWED as to Defendant Zurich American Insurance Company since EBI has neither established personal jurisdiction nor stated a claim against Zurich. Accordingly, Defendant Zurich American Insurance Company is DISMISSED. EBI has, however, stated a claim against Defendant Fidelity & Deposit Company of Maryland. Thus, the Motion to Dismiss (d/e 9) is DENIED as to Fidelity & Deposit Company of Maryland.

ENTERED this _16th_ day of December, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE